# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAMUEL S. MEEKER, *et al.*, | : | CIVIL ACTION |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN TODD BUSKIRK, *et al.*, | : | NO. 18-1371 |
| Defendants. | : | |

FILED
APR 10 2018
KATE BARKMAN, Clerk
By_____ Dep. Clerk

## MEMORANDUM

SCHMEHL, J.  APRIL 6, 2018

Plaintiffs Samuel S. Meeker and Dylan V. Everett, both inmates at the Northampton County Jail, bring this civil action pursuant to 42 U.S.C. § 1983 based on their allegation that they have been denied access to the courts. Both Plaintiffs seek to proceed *in forma pauperis*. For the following reasons, the Court will grant Plaintiffs leave to proceed *in forma pauperis* and dismiss their Complaint without prejudice.

I.  FACTS[1]

Mr. Meeker and Mr. Everett allege that "[p]rison officials have stated that they are not required to provide us any access to legal research beyond our requests for security concerns." (Compl. at 4.) They claim that the Northampton County Prison has "intentionally failed to provide 'meaningful access' to the courts or a 'reasonable alternative' to Disciplinary segregation inmates to reduce costs and to prevent those inmates from knowing their rights as guaranteed by federal law." (*Id.* at 13.) Specifically, Plaintiffs claim that the jail's failure to "allow any access to the Lexis-Nexis terminal, and by requiring inmates to only be able to obtain

---

[1] The following facts are taken from the Complaint.

1

legal materials by request is a flagrant violation [of the law]." (*Id.*) They further contend that the "Public Defender's office is not [a] reasonable alternative." (*Id.*)

Based on those allegations, Plaintiffs filed this lawsuit against Warden Todd Buskirk, Northampton County, Pennsylvania, and "U.S. Government," primarily claiming that they have been denied access to the courts. The Complaint asks the Court to "provide access to legal research facilities, and $22,500 per defendant for the cost of legal representation [plaintiffs] have been essentially deprived of." (*Id.* at 5.) They also specifically ask for "access to the Lexis-Nexis computer upon request for prison officials," and "physical access to the law library and the ability to congregate." (*Id.* at 13.)

## II. STANDARD OF REVIEW

The Court will grant Mr. Meeker and Mr. Everett leave to proceed *in forma pauperis* because it appears that they are not capable of prepaying the fees to commence this action.[2] As Plaintiffs are proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice to state a claim. *Id.* As Plaintiffs are proceeding *pro se*, the Court must construe their allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

---

[2] However, as Plaintiffs are both prisoners subject to the Prison Litigation Reform Act, they will be obligated to pay the filing fee in installments pursuant to 28 U.S.C. § 1915(b). *See Hagan v. Rogers*, 570 F.3d 146, 155 (3d Cir. 2009).

2

## III. DISCUSSION

"The Constitution guarantees prisoners a 'right of access to the courts.'" *Coulston v. Superintendent Houtzdale SCI*, 651 F. App'x 139, 142 (3d Cir. 2016) (per curiam) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)). "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (per curiam) (quoting *Lewis*, 518 U.S. at 350). In other words, a prisoner claiming that he was denied access to the courts must allege an injury traceable to the conditions of which he complains. *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (per curiam) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged deficiencies in library to harm in underlying action). In general, "[a]ctual injury occurs when a prisoner demonstrates that a 'nonfrivolous' and 'arguable' claim was lost because of the denial of access to the courts." *Id.* (quoting *Christopher v. Harbury*, 536 U.S. 403, 415 (2002)). "[T]he underlying cause of action, . . . is an element that must be described in the complaint." *Id.* Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63 (citing *Bounds v. Smith*, 430 U.S. 817, 831 (1977) and *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)); *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013) (per curiam).

Here, the Complaint does not allege how, if at all, Mr. Meeker and Mr. Everett were injured by the claimed deficiencies in the library. It is not clear whether they are attempting to conduct legal research in their criminal cases or, if they are pursuing civil claims, what those civil claims are. Accordingly, the Complaint does not state a claim.[3] Furthermore, if Mr. Meeker and Mr.

---

[3] The Complaint also refers to disciplinary segregation and requests that inmates be able to congregate but does not appear to raise any claims related to the conditions of disciplinary segregation or prisoners' ability to congregate at the facility. Accordingly, if Plaintiffs were

3

Everett are represented in their criminal cases, the appointment of counsel satisfies their right to access the courts in those cases, even if they are ultimately dissatisfied with the lawyers who are appointed.

Mr. Meeker and Mr. Everett's claims fail for other reasons as well. First, it is not clear how either the federal government or the Commonwealth of Pennsylvania would bear any responsibility for the conditions at a county facility such as the Northampton County Jail. Accordingly, it appears that they are not appropriate parties to this lawsuit. In any event, even if they were appropriately named, neither entity is subject to suit here. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) ("Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989) (states are entitled to Eleventh Amendment immunity from claims under 42 U.S.C. § 1983 and are not "persons" for purposes of that provision). Furthermore, to state a claim against the Warden, Mr. Meeker and Mr. Everett must allege facts showing that the Warden was personally involved in the violation of their constitutional rights, whether due to his own misconduct or his deliberate indifference to known deficiencies in a policy or procedure that violated their rights. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). The Complaint, as pled, fails to do so.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Plaintiffs' Complaint for failure to state a claim. Plaintiffs will be given leave to file an amended complaint in the event they can state a basis for a claim. An appropriate order follows.

---

pursuing any claims based on those remarks, it is not clear to the Court and their stray references are insufficient to allow them to move forward on those claims at this time. Nor can the Court discern any other viable basis for a constitutional claim based on the facts alleged.

4